# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**JEREMY WAYNE WILLIAMS et al.**                                         PLAINTIFFS

v.                                                    CIVIL ACTION NO. 3:19-CV-P208-CRS

**JAMIE UNDERWOOD et al.**                                              DEFENDANTS

## MEMORANDUM AND ORDER

This prisoner 42 U.S.C. § 1983 civil-rights action was brought by *pro se* Plaintiffs Jeremy Wayne Williams and Timothy Henry Jensen, Jr. Plaintiffs are prisoners at the Larue County Detention Center (LCDC).

As an initial matter, the Court must consider whether Plaintiffs and their claims are properly joined together in this action. Under Federal Rule of Civil Procedure 20(a)(1),

Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

"The joinder of claims, parties, and remedies is 'strongly encouraged' when appropriate to further judicial economy and fairness." *Morgan v. Cohen*, No. 2:11-CV-11780, 2011 WL 2461470, at *2 (E.D. Mich. June 16, 2011) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). However, when claims are unrelated, parties should not be allowed to join multiple plaintiffs and defendants. *Id*. Additionally, "many federal district courts have found that the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder of prisoner plaintiffs otherwise allowed by Rule 20(a)(1)." *Boretsky v. Corzine*, No. 08-2265(GEB), 2008 WL 2512916, at *5 (D.N.J. June 23, 2008). These courts

have noted difficulties such as: the need for each plaintiff to sign every pleading; the transitory nature of prison populations; the possibility that documents may be changed by one of the plaintiffs; that prisoners may attempt to compel authorities to allow them to gather to discuss their lawsuit; the possibility of coercion in relationships between inmates; and the need to resolve individualized administrative exhaustion issues. *Id*. at *5-6.

Although both Plaintiffs are incarcerated at LCDC, Plaintiff Williams is a pretrial detainee while Plaintiff Jensen is a convicted prisoner. Both Plaintiffs include claims that they were not provided with a § 1983 form or access to the LCDC library; however, the similarity of their complaints ends there. Plaintiff Williams alleges that on December 1, 2018, Defendant Whitlock subjected him to an illegal search and seizure. He further alleges that on December 3, 2018, he asked to go to the LCDC library. He also alleges that on December 12, 2018, his public defender refused to ask a question at a hearing and that Defendant Underwood forced him to mail a motion rather than allow his deputies to carry the motion to the clerk of court.

Plaintiff Jensen alleges that on July 17, 2018, he was not provided with sufficient toilet paper, he was not given a bed roll, there were inadequate toilets, and Defendant Tucker refused to give him a copy of the "KSR Manual."

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Here, Plaintiffs' claims are not properly joined under Fed. R. Civ. P. 20(a) because they are not asserted jointly, severally, or "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). Additionally, the Court finds that the impracticalities of litigating with multiple prisoner-plaintiffs militate against allowing this case

to continue with both Plaintiffs. Thus, the Court finds that each Plaintiff in this action must bring his claims in separate civil actions. Accordingly,

1) **IT IS ORDERED** that the complaint will be **SEVERED** pursuant to Fed. R. Civ. P. 21. The Clerk of Court is **DIRECTED** to docket the instant civil action number as being filed by Jeremy Wayne Williams as the single plaintiff.

2) The Clerk of Court is further **DIRECTED** to open a new civil action identifying Timothy Henry Jensen, Jr. as Plaintiff with the complaint in the instant action (DN 1) docketed as the opening document. The Clerk shall docket the complaint as of the filing date of the original complaint, March 20, 2019. The Clerk shall also docket Plaintiff Jensen's motion for leave to proceed *in forma pauperis* and his prisoner trust fund account statement (DNs 6 &7) in the new action with their original filing dates, *i.e.*, March 29, 2019. The Clerk of Court is also **DIRECTED** to send Plaintiff Jensen a copy of the docket sheet from the new action.

Date: April 29, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiffs, *pro se*
　　Defendants
　　Larue County Attorney
4411.009