# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**JEREMY WAYNE WILLIAMS**                                             **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 3:19-CV-P208-CRS**

**JAMIE UNDERWOOD et al.**                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeremy Wayne Williams filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, this action will be dismissed.

After filing his complaint, Plaintiff filed a supplement to the complaint (DN 11). Before the Court conducts its initial review, the Court considers whether Plaintiff's supplement to the complaint is proper. In so doing, the Court considers the supplement to be a motion to supplement the complaint under Fed. R. Civ. P. 15(d).

Rule 15(d) provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Permission to file supplemental pleadings under Rule 15(d) may be granted "when the supplemental facts connect it to the original pleading." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995); *see also Corum v. Beth Israel Med. Ctr.*, 359 F. Supp. 909, 914 (S.D.N.Y. 1973) (noting that supplementing pleadings with transactions and occurrences since the date of the original

proceedings complied with Rule 15(d) and may support policy considerations such as judicial economy).

Here, the allegations in the supplemental complaint pertain to conditions of confinement at the Larue County Detention Center (LCDC), which is a named Defendant. The Court finds that Plaintiff's motion to supplement should be granted. Accordingly,

**IT IS ORDERED** that Plaintiff's motion (DN 11) is **GRANTED**. The Clerk of Court is **DIRECTED** to docket DN 11 as a supplemental complaint.

## I. SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee at LCDC. He names as Defendants in their individual and official capacities Jailer Jamie Underwood and Public Defender Heather Temple. He also names Larue County as a Defendant.

In his complaint,[1] Plaintiff alleges that on December 3, 2018, he asked and was denied the following: to go to the legal library at LCDC: for the Kentucky Revised Statutes manual: and for a lawyer to call him regarding the criminal charges against him. He alleges that Defendants did not answer his requests or allow him to go to the library or call his attorney. He states that he filed two grievances about the deputies denying him access to court. He alleges that he was not given a copy of the requested forms or grievances or a § 1983 complaint form he requested, thereby violating his rights.

Plaintiff alleges that Defendant Temple violated his Sixth Amendment right to effective assistance of counsel in failing to represent him in his criminal case. Specifically, he alleges that on December 12, 2018, at his preliminary hearing he wanted Defendant Temple to ask several questions of Officer Eric Whitlock, but she refused to do so. He states that as a consequence he

---

[1] Plaintiff's complaint contained allegations against Officer Eric Whitlock regarding allegedly unconstitutional search and seizure. However, Plaintiff has since dismissed his claims against Officer Whitlock, and the Court therefore does not consider those claims in this initial review.

2

fired "his court appointed counsel and represented himself pro se because she wasn't going to do her job."

Plaintiff alleges that he suffered unlawful imprisonment, cruel and unusual punishment, denial of access to court, obstruction, and denial of due process when Defendant Underwood would not let his deputy jailers take a motion that Plaintiff wanted to file to the court clerk and instead required Plaintiff to mail it.

Plaintiff asks for monetary and punitive damages and to have the charges against him dismissed.

In his supplemental complaint (DN 11), Plaintiff alleges that while in segregation between May 13 and 21, 2019, other inmates popped the lock to get out of their isolation cells; another inmate was put into his cell even though it was a single isolation cell; and he witnessed other inmates "arcing" exposed wires to cause a spark to light their cigarettes. He also alleges that the "A/C blower" could be pushed up and used to escape. He further complains that Defendant Underwood refuses to spend money to fix the fact that a microwave oven is perched on top of a plastic trash can with a puddle of water beneath it from a shower leak; that there is black mold in the shower; that the hot water button on the sink does not work; that there are live, exposed wires; and that there are loose and rusting shower plates. He also alleges that Defendant Underwood fails to pay for insecticide spraying or to address the mold on the food trays.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A. *Access-to-court claims*

Plaintiff alleges that he asked for and was denied access to LCDC's legal library, the Kentucky Revised Statutes manual, and a § 1983 complaint form. He also asserts that his request for a lawyer to call him regarding the criminal charges against him was denied. Plaintiff further alleges that he suffered unlawful imprisonment, cruel and unusual punishment, denial of access to court, obstruction, and denial of due process when Defendant Underwood would not let his deputy jailers take a motion that Plaintiff wanted to file to the court clerk and instead required Plaintiff to mail it. Specifically, he states that on February 11, 2019, he gave a motion to dismiss his state criminal action to deputies to take upstairs to the courthouse, but Defendant Underwood would not let the deputies do so, and Plaintiff was forced to mail his motion. The Court interprets these allegations as a claim that his right to access the court was violated.

To state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement.[2] *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, there must be an actual injury, and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id*. at 356.

Plaintiff has not shown any actual injury as a result of not being allowed to go to the law library, to have a law manual, to have an attorney call him, or of having to mail his motion instead of having the deputies hand deliver it for him. Consequently, he fails to state a claim upon which relief may be granted regarding his access to courts. *See, e.g.*, *Manson v. Money*, No. 7:12-CV-00360-CLS, 2012 WL 5379367, at *2 (N.D. Ala. Oct. 5, 2012), *report and recommendation adopted*, No. CV 12-S-360-W, 2012 WL 5379156 (N.D. Ala. Oct. 31, 2012) (finding that officers had no constitutional duty to relay a message to state-court judge on plaintiff's behalf and, in any event, there was "no indication that plaintiff could not have sent his request to the trial judge by letter or correspondence; thus, it cannot be said that he was actually denied access to the court").

### B. Claim related to grievances

Plaintiff makes several claims regarding the LCDC grievance system. Presuming that Plaintiff is claiming a constitutional right to have his grievances answered, his claim fails. Prisoners do not possess a constitutional right to a prison grievance procedure. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (stating that "there is no inherent constitutional right to an effective prison grievance procedure") (citing cases); s*ee also Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002) ("A grievance appeal does not implicate the First Amendment

---

[2] *Cox v. Jackson*, 579 F. Supp. 2d 831, 849 (E.D. Mich. 2008) ("The right springs from the Due Process Clauses of the Fifth and Fourteenth Amendments and the right of petition found in the First Amendment, as well as from the Privileges and Immunities Clause of Article IV.") (internal quotation marks and citations omitted).

right of access to the courts because there is no inherent constitutional right to an effective prison grievance procedure."). Further, if the prison provides a grievance process, violations of its procedures or its ineffectiveness do not rise to the level of a federal constitutional right. *LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding that plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding that plaintiff's allegation that the institution's grievance procedures were inadequate to redress his grievances did not violate the Due Process Clause and did not "give rise to a liberty interest protected by the Due Process Clause"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (holding that "no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration").

Therefore, Plaintiff's claim concerning the handling of his grievances will be dismissed for failure to state a claim upon which relief may be granted.

## C. Claim against Defendant Temple

Plaintiff alleges that Defendant Temple, his court-appointed public defender, refused to ask questions that Plaintiff wanted asked at his preliminary hearing.

Under § 1983, "a plaintiff must allege (1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). It is firmly established that a defense attorney, regardless of whether she is a public defender or private attorney, does not act under color of state law for purposes of § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law

6

when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Clearly, in representing Plaintiff at the preliminary hearing, Defendant Temple was performing a lawyer's traditional functions. Thus, Plaintiff fails to state a claim under § 1983 against Defendant Temple.

## D. *Request to have charges dismissed*

To the extent that Plaintiff is asking to have the charges against him dropped, the Court must decline to do so. Under the *Younger* doctrine, "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)). Here, it appears that the state-court criminal proceedings against Plaintiff are ongoing. State criminal prosecutions involve "the important state interest of punishing conduct proscribed by statute." *Miskowski v. Peppler*, 36 F. App'x 556, 557 (6th Cir. 2002). The state criminal process, moreover, affords Plaintiff an adequate opportunity to raise his constitutional claims. *See, e.g.*, *Mosson v. Wayne Cty. Prosecutor's Office*, No. 13-13771, 2014 WL 186095, at *3 (E.D. Mich. Jan. 14, 2014). In addition, Plaintiff has not alleged any unusual or extraordinary circumstances sufficient to warrant federal intervention at this time. Where *Younger* abstention is appropriate, it requires dismissal of those claims without prejudice. *Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir. 1986). Consequently, the Court will dismiss Plaintiff's claim that his charges should be dropped without prejudice.

### E. Conditions-of-confinement claims

Plaintiff's supplemental complaint alleges that during his confinement in segregation between May 13 and 21, 2019, inmates were able to open the lock to get out of their isolation cells and another inmate was put into his single-person cell; that he observed other inmates using exposed wires to light their cigarettes and that an A/C blower could be pushed up and used to escape; that a microwave oven is located on top of a plastic trash can with a puddle of water underneath it; that there is black mold in the shower and on the food trays; that the hot water button on the sink does not work; and that there are loose and rusting shower plates.

"While a pretrial detainee does not enjoy protection of the Eighth Amendment, the Eighth Amendment rights of prisoners are analogous to pretrial detainees' due process rights under the Fourteenth Amendment." *Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). A prison's conditions of confinement are sufficiently grave if they fall beneath "the minimal civilized measure of life's necessities" as measured by a "contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

None of Plaintiff's alleged conditions of confinement are *per se* constitutional violations. For example, the Sixth Circuit has held that "overcrowding is not, in itself, a constitutional violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). Rather, to allege extreme deprivation to support a viable prison-overcrowding claim, an inmate must allege that

the overcrowding results in "deprivations denying 'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. at 298 (citation omitted). Nor is the mere presence of mold a constitutional violation. *See, e.g.*, *Simmons v. Gusman*, No. 14-1907, 2015 WL 151113, at *4 (E.D. La. Jan. 12, 2015) ("[T]he mere fact that fungus, mold, mildew, and rust are present [in a jail] does not warrant relief."); *Eaton v. Magee*, No. 2:10-cv-112, 2012 WL 2459398, at *5 (S.D. Miss. June 27, 2012) ("Plaintiff's claim that the bathroom and shower area are unsanitary and contain black mold fails to rise to the level of a constitutional violation.").

Further, Plaintiff alleges no harm to him from the alleged conditions of confinement. Congress has limited prisoner actions to require a "physical" injury to permit recovery as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury need not be significant, but it must be more than *de minimis* for an Eighth Amendment claim to proceed. *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). Here, Plaintiff has not pointed to any injury whatsoever. Consequently, these claims will be dismissed for failure to state a claim upon which relief may be granted.

### III. **CONCLUSION**

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date: August 9, 2019

cc: Plaintiff, *pro se*
    Defendants
    Larue County Attorney
4411.009

**Charles R. Simpson III, Senior Judge**
**United States District Court**